UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/29/22

The Travelers Indemnity Company of America,

Plaintiff,

–v–

Starr Indemnity & Liability Company,

Defendant.

21-cv-6660 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

Before the Court is the Travelers Indemnity Company of America's motion to amend its complaint to add allegations that the City of New York is an additional insured covered under the insurance policy issued by Starr Indemnity & Liability Company. Starr opposes the amendment as futile. For the reasons that follow, the motion is GRANTED.

**I.      Background**

Travelers filed this action against Starr on August 6, 2021, seeking a declaration that Starr is obligated to defend and indemnify TDX Construction Corporation, the Trustees of Columbia University in the City of New York, and the City of New York in litigation pending in New York Supreme Court. Am. Compl. ¶ 1, Dkt. No. 1. The Court on January 18, 2022, issued a case management plan under which the parties were granted 30 days to file any motions to amend and under which discovery was to be completed by May 23, 2022. Dkt. No. 14.

Travelers on February 10, 2022, requested Starr's consent to Travelers's motion to amend its complaint to add a total of three paragraphs that allege additional coverage under an endorsement to the insurance policy for state and governmental agencies and subdivisions with respect to operations performed pursuant to a permit or authorization and further allege that the

City issued work permits relevant to the underlying accident. Gross Decl. ¶ 8, Dkt. No. 18; *see also id.*, Ex. B (proposed amended complaint). Starr did not consent and asked that Travelers provide copies of the relevant City permits, which Travelers did not provide. Mandelbaum Decl. ¶ 10, Dkt. No. 19. Travelers initially filed the motion to amend on February 14, 2022, but due to an error in filing, refiled on February 23, 2022. Dkt. Nos. 15, 16. The motion is fully briefed. Travelers Br., Dkt. No. 17; Starr Br., Dkt. No. 20; Travelers Reply Br., Dkt. No. 21.

## II.     Discussion

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, the Court "should freely give leave" to amend the Complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend is within the discretion of the trial court, but should be granted only when factors such as undue delay or undue prejudice to the opposing party are absent." *Spratt v. Verizon Commc'ns Inc.*, No. 11-cv-0273 (AJN), 2012 WL 6629102, at *2 (S.D.N.Y. Dec. 20, 2012) (citing *SCS Commc'ns, Inc. v. Herrick Co.*, 360 F.3d 329, 345 (2d Cir. 2004)). A motion to file an amended complaint may also be denied if the amendments would be futile—that is, if the newly amended complaint "would fail to state a claim on which relief could be granted" under Rule 12(b)(6). *See Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 459 (S.D.N.Y. 2012). Under that standard, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *S. Cherry St., LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 110 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "consider[s] the legal sufficiency of [the] complaint, taking its factual allegations to be true[,] and drawing all reasonable inferences in [Plaintiff]'s favor." *Mortimer Off Shore Servs., Ltd. v. Fed. Republic of Ger.*, 615 F.3d 97, 114 (2d Cir. 2010).

Travelers notified Starr of its motion, and filed it, within the schedule for amendments approved by the Court.  Starr's sole objection is that the amendment is futile because Travelers failed to "demonstrate the existence of a permit" or similar document that would satisfy the requirements of the coverage language it seeks to add to the complaint.  Starr Br. at 4.  Starr's objection fails for two reasons.  First and foremost, Starr misstates the relevant law.  Because Travelers filed its motion prior to the close of discovery, its amendment is futile "only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001); *see also Summit Health, Inc. v. APS Healthcare Bethesda, Inc.*, 993 F. Supp. 2d 379, 403 (S.D.N.Y. 2014).  The Court therefore takes Travelers's factual allegations as true and draws all reasonable inferences in its favor—it does not yet impose on Travelers an obligation to prove its allegations.  *See Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) ("The adequacy of the proposed amended complaint, however, is to be judged by the same standards as those governing the adequacy of a filed pleading. . . .  The fact that a pleading contains references to documents that may eventually be ruled inadmissible in evidence is not a proper basis for dismissal pursuant to Rule 12(b)(6).").  Under this standard, Travelers's amended claim is not futile.

Second, in its reply, Travelers proffered work permit data from the New York City Department of Buildings' website that suggests at least one relevant permit was issued.  Gross Reply Decl., Ex. E, Dkt. No. 22.[1]  Therefore, even if Starr were correct that Travelers's motion was subject to a heightened evidentiary standard, that standard would be satisfied.

### III. Conclusion

---

[1] Travelers also proffered a discovery request that it submitted to Starr to produce any relevant permits that it may possess, which could lead to the production of further relevant evidence. Gross Reply Decl., Ex. F.

For the foregoing reasons, the Court GRANTS Travelers leave to amend its complaint. Dkt. No. 16.  A case management conference remains scheduled for April 29, 2022, at 3:15 p.m.

This resolves docket number 16.

SO ORDERED.


Dated: March 29, 2022
       New York, New York

_____
ALISON J. NATHAN
United States District Judge